UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DOUGLAS JAMIE HARRIS | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CV-243 |
| UNITED STATES OF AMERICA | ) | (NO. 2:02-CR-31) |

**MEMORANDUM OPINION**

Douglas Jamie Harris ("petitioner"), a federal prisoner, has filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc.1]. The petitioner has filed a memorandum in support of his motion. [Doc. 3]. The United States has responded in opposition to the motion [Doc. 7] and the petitioner has replied to the government's response. [Doc. 12]. The petitioner has also amended his § 2255 motion by providing the Court with various pages to be substituted for pages within his original memorandum. [Doc. 13]. The amendment does not change the nature of the relief sought by the petitioner.

After review of the files and records of this case, the Court has determined that the files and records conclusively establish that the petitioner is not entitled to relief under § 2255 and that, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's motion pursuant to § 2255 lacks merit and will be DENIED.

I.  **Procedural Background**

On March 26, 2002, petitioner was charged along with six co-defendants in six counts of a thirty-one count indictment. Counts one, two and three of the indictment charged petitioner with conspiracy to distribute and possess with the intent to distribute various amounts of cocaine. Counts twelve through fourteen of the indictment charged petitioner with distribution of cocaine on three separate occasions.

On January 13, 2003, the petitioner entered a plea of guilty to count one of the indictment, *i.e.*, conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base. The United States agreed to dismiss the remaining charges at sentencing. Filed along with the plea agreement was an "Agreed Factual Basis" in which the defendant stipulated to certain facts. The agreed factual basis reads as follows:

> Through the testimony of several witnesses, to include co-conspirators, the government would demonstrate, beyond a reasonable doubt, that from approximately the month of February, 2001, and continuing to on or about March 26, 2002, the defendant did knowingly, intentionally and without authority conspire with at least one other person to distribute and possess with the intent to distribute approximately 3.5 ounces of a mixture or substance containing a detectible amount of cocaine base (crack), a Schedule II, narcotic controlled substance.
>
> In furtherance of the conspiracy, defendant Harris distributed crack cocaine in the Eastern District of Tennessee.
>
> During the course of the conspiracy, on two occasions defendant Harris distributed an approximate total of 3.1 grams of crack cocaine to cooperating witnesses. On each occasion

the transactions were recorded and surveilled by law enforcement agents.

In a third transaction, defendant Harris sold $300 worth of crack cocaine to a cooperating witness. During the recorded and surveilled transaction defendant Harris stated that as soon as deal was completed, he and a co-defendant were traveling to New York to get three ounces of crack cocaine.

A presentence report was prepared and petitioner was held responsible for 88.2 grams of cocaine base, resulting in a base offense level of 32. This drug quantity was based solely upon the drug amounts involved in the specific transactions or petitioner's statements stipulated to in the agreed factual basis. [1] As a result of his guilty plea, petitioner was subject to a statutory mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A); however, petitioner qualified for a guideline sentence under the "safety valve" provision. After a two-level reduction for the safety valve and a three level reduction for acceptance of responsibility, petitioner's total offense level was 27, resulting in a guideline range of 70 to 87 months.

On July 14, 2003, petitioner was sentenced to a term of 70 months imprisonment and three years of supervised release. Judgment was entered on July 21, 2003. No direct appeal was taken by the defendant from the Court's judgment. Petitioner timely filed this motion to vacate, set aside or correct sentence on July 26, 2004.

---

[1] The presentence report established the drug quantity attributed to the petitioner for purposes of his base offense level at 88.2 grams (the 3.1 grams he distributed to cooperating witnesses and 85.1 grams or 3 ounces he stated he and co-defendant Tittle planned to travel to New York to obtain).

II. **Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255  Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F. 2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F. 2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F. 2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F. 2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect

4

or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was

> deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064.

As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* tests requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

III. **Analysis**

As noted above, petitioner's only claim in his petition is that his counsel rendered unconstitutionally ineffective assistance of counsel by failing to seek a reduction

7

in his total offense level for his limited role in the conspiracy pursuant to USSG § 3B1.2. Section 3B1.2 allows a district court to decrease an offense level four levels if a defendant was a "minimal participant" and two levels if the defendant was a "minor participant."

A minimal participant is one who "plays a minimal role in the concerted activity." USSG § 3B1.2, Commentary (Application Note 4) (2003). The minimal participant reduction "is primarily for someone who played a single, limited role in a very large organization. . . such as someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment." *United States v. Mahan*, 190 F. 3d 416, 426 (6th Cir. 1999) (quotations omitted). A minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *United States v. Roberts*, 223 F. 3d 377, 379 (6th Cir. 2000) (quoting USSG § 3B1.2(b), Commentary (Application Note 5)) A defendant who plays a lesser role in a criminal scheme may not qualify for a minor participant reduction if his role was "indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence." *United States v. Salgado*, 250 F. 3d 438, 458 (6th Cir. 2001).

Petitioner argues entitlement to the decrease in offense level as a "minor" or "minimal" participant in the offense of conviction. He argues that he was "substantially less culpable than the average participant" in the offense for several reasons: (1) that, except for Rosa Tittle, he "never met, knew of, nor had contact with" the other co-

conspirators; (2) that he simply provided transportation for Rosa Tittle (or someone sent by her) who actually distributed the drugs to a cooperating witness; (3) that he had no knowledge of the nature and scope of the overall conspiracy; and (4) that it was Rosa Tittle who made the statement to the cooperating witness on January 10, 2002, that they were going to New York to procure three ounces of crack cocaine (characterized by the petitioner as mere puffing on the part of Tittle) and that he, "not wanting to make his friend look foolish, offered a reluctant grunt of affirmance . . ."

Petitioner's claim fails on the merits and it is clear from the record that he is not entitled to relief for two reasons. First of all, it is highly doubtful that petitioner was a "minimal participant" or "minor participant", even if the Court were to accept the facts as he now states them. Here, petitioner was admittedly involved in multiple drug transactions and it cannot be said that he was a minimal participant for that reason. Similarly, he was not entitled to a "minor participant" decrease because, even though he was not involved in every transaction in the conspiracy, he was held accountable only for the quantity of drugs directly attributable to him. If a defendant is a minor participant in relation to the scope of a conspiracy as a whole, he is not entitled to a mitigating role reduction if he is held accountable only for the quantity of drugs directly attributable to him. *United States v. Campbell*, 279 F. 3d 392, 396 (6th Cir. 2002); *United States v. Welch*, 97 F. 3d 142, 152 (6th Cir. 1996); *United States v. Walton*, 908 F. 2d 1289, 1303

(6th Cir. 1990). [2]

Secondly, and more importantly, petitioner cannot prevail on his claim because his factual assertions cannot be accepted as true because they are contradicted by the record in this case. Petitioner's assertion that he simply provided transportation for Rosa Tittle and he simply "offered a reluctant grunt of affirmance" to her statement that they were going to New York to procure three ounces of crack cocaine contradicts his stipulations contained in the agreed factual basis and his statements to the probation officer as set forth in the presentence report. As set forth in the agreed factual basis, the petitioner admitted that on two occasions he *distributed* crack cocaine to cooperating witnesses in transactions which were recorded and surveilled by law enforcement agencies and that, during a third recorded and surveilled transaction, he *stated* that he and a co-defendant were traveling to New York to get three ounces of crack cocaine. In addition, the following, unobjected to, statement is contained at paragraph 13 of the presentence report:

> He also admitted that he sold the "crack," as stated in the agreed factual basis. He informed this officer that he got the "crack" from co-defendant Tittle, and she stated that she got the drugs from her boyfriend "Mugs." Defendant Harris also reported that he was supposed to accompany co-defendant Tittle to New York to pick up some "crack," but did not go. He informed this officer that he did not earn any money for the sale of "crack,"

---

[2] Petitioner's claims about not knowing other members of the conspiracy and lack of familiarity with the overall nature and scope of the conspiracy have little relevance to his argument about his role as a participant in the conspiracy.

10

> but that co-defendant Tittle would pay him with marijuana, because he used marijuana on a daily basis. It should be noted that the defendant previously informed this officer that he was addicted to marijuana.

The agreed factual basis was signed by the petitioner and he stipulated to the facts contained therein under oath at the time of the entry of his plea. Petitioner cannot now be permitted to offer a different version of facts in support of his § 2255 motion. Simply put, he is bound by the factual admissions made by him at the time of his guilty plea and sentencing in this Court.

IV. **Conclusion**

Petitioner is unable to demonstrate that trial counsel's performance was deficient in any way; in fact, in view of the petitioner's admissions, counsel's assistance was objectively reasonable. For all the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001).

The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate order will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE